Bob CHAMBERS, et al., Petitioners,

v.

John M. O'QUINN, John M. O'Quinn,
P.C. and John M. O'Quinn d/b/a
O'Quinn & Laminack, Respondents.

No. 06–1073.

Supreme Court of Texas.

Dec. 14, 2007.

C. Benton Musslewhite, Law Office of
Benton Musslewhite, Houston, TX, for Pe-
titioners.

Craig Smyser and Justin McKenzie
Waggoner, Smyser Kaplan & Veselka,
L.L.P., Houston, TX, for Respondents.

PER CURIAM.

In this case, we consider whether the
court of appeals had jurisdiction to review
an order compelling arbitration under the
Texas Arbitration Act (TAA) as part of the
appeal of a final judgment in the case. *See
generally* Tex. Civ. Prac. & Rem.Code
§ 171.001–.098. The court of appeals con-

cluded that mandamus was the appropriate remedy and dismissed the appeal in a memorandum opinion reasoning that, because mandamus relief had previously been denied by another court of appeals and this Court, it lacked appellate jurisdiction to review the issue. 2006 WL 2853893. Because we disagree that the previous mandamus proceedings deprived the court of appeals of appellate jurisdiction in this matter, we reverse the court of appeals' judgment and remand the case for its review on the merits.

On November 23, 1999, Bob Chambers and 182 other former clients (hereinafter "Chambers") sued John M. O'Quinn for legal malpractice in connection with his representation and settlement of their toxic tort claims. O'Quinn responded with a motion to compel arbitration under the terms of a compulsory arbitration clause in his contingency fee agreement. The trial court granted the motion, and Chambers immediately sought review of the order by mandamus. Two courts of appeals and this Court denied mandamus relief without discussing the merits of Chambers' complaint. *In re Chambers*, 2002 WL 24567, at *1; *In re Chambers*, Cause No. 14–02–00020–CV (Tex.App.-Houston [14th Dist.] 2002); *In re Chambers*, Cause No. 02–0154 (Tex.2002).

After the appellate courts refused to grant any relief, the trial court directed Chambers to submit his claims to arbitration by July 9, 2004, or have them dismissed. When Chambers delayed, the trial court dismissed his suit for want of prosecution, and Chambers appealed. 2006 WL 2853893.

While this appeal was pending, the parties proceeded to arbitration, with the arbitrator ultimately ruling in O'Quinn's favor. Because the trial court had already dismissed his original action, Chambers filed a new suit to vacate the arbitration award. The trial court, however, confirmed the arbitration award, and Chambers perfected a second appeal from this judgment. *Chambers v. O'Quinn*, 2006 Tex.App. LEXIS 9006, at *3–4, 2006 WL 2974318, at * 1 (Tex.App.-Houston [1st Dist.] Oct. 19, 2006).

Both appeals were assigned to the same panel of the First Court of Appeals, but they were not consolidated. 2006 WL 2853893, at *1, n. 5. In two separate memorandum opinions, the court (1) affirmed the judgment of the trial court confirming the arbitration award, *Chambers*, 2006 Tex.App. LEXIS 9006, at * 19, 2006 WL 2974318, at *6, and (2) dismissed the appeal of the order compelling arbitration on jurisdictional grounds, 2006 WL 2853893, at *2.

In dismissing Chambers' first appeal, the court concluded that mandamus was the proper remedy to review an order compelling arbitration. 2006 WL 2853893, at *2 (citing *In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex. 2001)). Noting further that Chambers had already sought and been refused mandamus relief by the Fourteenth Court of Appeals and this Court, the court dismissed the appeal, concluding it lacked appellate jurisdiction and was bound by these previous rulings denying mandamus. *Id.* at *2.

 Under the TAA, a party can appeal an order or judgment that either: (1) denies an application to compel arbitration made under section 171.021, or (2) grants an application to stay arbitration under section 171.023. Tex. Civ. Prac. & Rem. Code § 171.098(a)(1), (2). The Act is one-sided, allowing interlocutory appeals solely from orders that deny arbitration. Similarly, the Federal Arbitration Act (FAA) makes no provision for an interlocutory appeal from an order compelling arbitra-

tion. 9 U.S.C. § 16. Because the FAA does not provide for interlocutory appeals from orders compelling arbitration, we concluded in *American Homestar* and *Freis* that mandamus was the appropriate remedy. *See Am. Homestar*, 50 S.W.3d at 483; *see also Freis v. Canales*, 877 S.W.2d 283, 284 (Tex.1994).

Since our decision in *Freis*, the United States Supreme Court has said that orders compelling arbitration can be reviewed after final judgment in the case. *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 89, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). Whether an order compelling arbitration under the FAA can be reviewed by mandamus in Texas courts is not raised here. Such an order can clearly be reviewed on appeal from a final judgment. *Id.*

The court of appeals, nevertheless, concluded that mandamus was the appropriate remedy and that the denial of mandamus relief in the Fourteenth Court of Appeals and this Court precluded it from exercising appellate jurisdiction over that issue now. 2006 WL 2853893, at *2 We disagree.

The writ of mandamus is a discretionary writ, and its denial, without comment on the merits, cannot deprive another appellate court from considering the matter in a subsequent appeal. *See In re AIU Ins. Co.*, 148 S.W.3d 109, 119 (Tex. 2004) (noting that "failure to grant a petition for writ of mandamus is not an adjudication of, nor even a comment on, the merits of a case in any respect, including whether mandamus relief was available"). Thus, the court of appeals has jurisdiction to review the order compelling arbitration in this appeal.

Because the court of appeals erred in concluding that it lacked appellate jurisdiction, we grant the petition for review, and,

without hearing oral argument, we reverse the court of appeals' judgment and remand the case for its review on the merits. TEX. R.APP. P. 59.1.