Opinion issued May 13, 2010

 



In The

Court
of Appeals

For The

First
District of Texas

————————————

No. 01-09-00578-CV

———————————

AZTECK INTERNATIONAL
BUSINESS CORPORATION, Appellant

 

V.

 

UPI COMMUNICATIONS, Appellee

 

 



On Appeal from the 295th
District Court

Harris County, Texas

Trial Court Cause No.
2005-78680

 

 



MEMORANDUM OPINION

Appellant
Azteck International Business Corporation sued appellee UPI Communications and
others for breach of contract, fraud, and violation of the Deceptive Trade
Practices-Consumer Protection Act related to wireless telephone services.  See Tex.
Bus. & Com. Code Ann. §§ 17.41–.63 (Vernon 2008 & Supp.
2009).   This is the Azteck’s third
attempted interlocutory appeal.[1]

Background

On June 13, 2007, the trial court
ordered the parties to this appeal to arbitration under the provisions of a
2001 arbitration agreement. The order specified
that UPI was to present to the arbitrator its argument that a 2002 arbitration
agreement[2]
was controlling and, should the arbitrator so decide, the parties were to
proceed to arbitration pursuant to that agreement.   On
December 9, 2008, after conducting an evidentiary hearing, the arbitrator
determined that the 2002 arbitration agreement was controlling.

The following March, Azteck filed a
“Motion to Vacate Arbitration Award,” complaining, among other things, that the
arbitrator exceeded her authority by ruling on the existence of the 2002
arbitration agreement and “compelling arbitration by the parties to federal
court.” Azteck asserted that only the trial court could determine whether there
was a 2002 arbitration agreement between the parties and could compel
arbitration under that agreement.  The
record reflects no ruling on Azteck’s motion.  

In its response to Azteck’s motion
to vacate, UPI requested the trial court to “reconsider and determine[,]
independent of the Arbitrator’s Ruling, that the August 8, 2002 Agreement is
the controlling agreement between the parties” 
“in order to avoid any further claims by [Azteck] that [the trial court]
failed to determine a ‘threshold’ issue regarding the controlling
agreement.”  UPI noted that its motion
for partial summary judgment was still pending and asked the trial court to
grant the partial summary judgment and find that the 2002 arbitration agreement
was controlling. 

On May 4, 2009, the trial court
held an evidentiary hearing on “UPI’s motion” “to compel arbitration.”  After hearing testimony and receiving
evidence, the trial court found in favor of UPI that the 2002 arbitration agreement
was a signed agreement between the parties and held that “the motion to compel
arbitration is granted.”

On May 14, 2009, the trial court
entered an “ORDER CONFIRMING AND COMPELLING ARBITRATION,” in which the trial
court notes that:  

(1)
    it had ordered the parties to
arbitration under the 2001 agreement with a provision that if the arbitrator
determined that the 2002 agreement controlled, that the parties would proceed
to arbitration under that agreement;  

 

(2)     the arbitrator issued a ruling that the 2002
agreement was controlling;  

 

(3)     Azteck filed a motion to vacate the arbitration
order, claiming that the arbitrator lacked authority to determine the
controlling agreement and arguing that only the trial court could make that
determination;  

 

(4)     UPI requested the trial court to reconsider
its motion to compel arbitration to independently determine whether the 2002
agreement controlled; and 

 

(5)     in response, the trial court held an
evidentiary hearing to determine whether the 2002 agreement was authentic,
valid, and controlling.   

 

The order
then states that the trial court “finds and orders, based on a preponderance of
the evidence,” that the 2002 arbitration agreement was the controlling
agreement and that “the parties shall proceed to arbitration” under that
agreement. 

          Azteck
attempts to appeal this order.[3]

Motion to Dismiss

UPI filed a June 24, 2009 motion to
dismiss the attempted statutory interlocutory appeal of the May 14, 2009
order.  See Tex. R. App. P. 42.3 (involuntary
dismissal in civil cases).  The motion to
dismiss is meritorious.

          The May 14,
2009 order is expressly interlocutory. 
Absent specific statutory authorization, we have no jurisdiction to
consider an interlocutory appeal.   See Qwest Communications Corp. v. AT&T
Corp., 24 S.W.3d 334, 336 (Tex. 2000). 
Azteck’s notice of appeal states that “[p]ursuant to [Texas Civil
Practices and Remedies Code section] 171.098,” it is appealing the trial
court’s “judgment . . . [o]n May 14, 2009 confirming Arbitrator’s Award and
compelling arbitration under the 2002 contract.”  See Tex. Civ. Prac. & Rem. Code Ann.
§ 171.098 (Vernon 2005).  

Section 171.098 of the Texas Civil
Practices and Remedies Code does not provide a party the right to appeal an
order compelling arbitration.  See id.;
Chambers v. O’Quinn, 242 S.W.3d 30,
31 (Tex. 2007).  Section 171.098 does
permit a party to appeal a trial court’s order confirming an arbitration award.  Tex.
Civ. Prac. & Rem. Code Ann. § 171.098 (a)(3).  However, the May 14, 2009 order that Azteck
seeks to appeal does not confirm any arbitration award.  Nor does the record on appeal contain any
arbitration award or any order confirming an arbitration award.  

We grant the motion to dismiss and
dismiss this appeal for want of jurisdiction.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.











[1]               See Azteck Int’l
Bus. Corp. v. UPI Commc’ns, Nos. 01-07-00907-CV, 01-09-00544-CV, 2009 WL 1958410, at *1 (Tex.
App.—Houston [1st Dist.] July 9, 2009, pet. denied) (memo op.).

 





[2]               Azteck disputed the existence of the 2002
arbitration agreement, arguing that it had not executed the agreement.

 





[3]               In its notice of appeal from this order, Atzeck also
states that it was “alternatively . . . requesting a writ of Mandamus relief if
there is no adequate remedy in appeal.” 
However, Azteck did not file a petition for writ of mandamus in this
Court, nor did it raise any mandamus issues or request any mandamus relief in
the brief that was filed on appeal. 
Therefore, only Azteck’s appeal is before this Court.