**Affirmed and Majority and Concurring Opinions filed October 1, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00440-CV

---

### IN THE INTEREST OF L.R. AND A.R., Children

---

**On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 48170**

---

## C O N C U R R I N G   O P I N I O N

In this appeal from the trial court's denial of a mother's petition to modify the parent-child relationship as to her two minor children, the sole issue presented is whether the trial court reversibly erred by ruling that certain documents were not discoverable because they were irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. It is clear that any such error did not probably cause the rendition of an improper judgment or probably prevent the mother from properly presenting this case to the court of appeals. To affirm the trial court's judgment it is not necessary to address the father's law-of-the-case

argument. In addressing this argument, the majority tackles matters not necessary to the law-of-the-case analysis. The better course would be to affirm the trial court's judgment based solely upon the absence of reversible error.

### *Any error in the trial court's discovery ruling was not reversible error.*

As pertinent to the issue presented, to be entitled to modification of the divorce decree's child-support provisions, the mother was required to prove that the circumstances of one of the children or one of the parents have changed materially and substantially since the date of the divorce decree. *See* Tex. Fam. Code Ann. § 156.401(a) (West 2013). Even upon proof of such a change in circumstances, the trial court still has broad discretion to determine whether to modify the child-support provisions of the divorce decree. *See In re D.S.*, 76 S.W.3d 512, 520 (Tex. App.—Houston [14th Dist.] 2002, no pet.). For individuals like the father, whose monthly net resources exceed $7,500, the trial court has discretion to order child-support payments in excess of the amount of the monthly payment established by the child-support guidelines, to meet the proven needs of the children. *See* Tex. Fam. Code Ann. §§ 154.125, 154.126 (West 2013).

Under the divorce decree, the father had the exclusive right to designate the children's primary residence, and the father had to pay for the children's medical expenses. On appeal, the mother is not challenging the trial court's denial of her request that the decree be modified to give her the exclusive right to designate the children's primary residence. Nor does the mother challenge the trial court's conclusion that she failed to introduce evidence at trial raising a fact issue as to whether the circumstances of a child or a parent had changed materially and substantially since the date of the divorce decree. The father testified that he would have been able to pay $10,000 per month in child support if the trial court had ordered him to do so in the divorce decree. The father also testified that he

would be able to pay $10,000 per month in child support if the trial court ordered him to do so in the modification proceeding. The evidence shows that the father's financial resources were more than sufficient to provide for the needs of his children and to pay any court-ordered child support both on the date of the divorce decree and when the mother sought modification.

Presuming for the sake of argument that the trial court erred in concluding that the documents in question were not discoverable and that these documents would show the value of certain assets owned by the father, any such evidence would not have raised a genuine fact issue as to whether the circumstances of one of the children or one of the parents had changed materially and substantially since the date of the divorce decree. It is clear that any such error did not probably cause the rendition of an improper judgment or probably prevent the mother from properly presenting this case to the court of appeals. *See Johnson v. Davis*, 178 S.W.3d 230, 243–44 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding that trial court's error in granting protective order did not probably cause the rendition of an improper judgment or probably prevent the mother from properly presenting this case to the court of appeals). *See also* Elizabeth G. Thornburg, *Interlocutory Review of Discovery Orders: An Idea Whose Time Has Come*, 44 Sw. L.J. 1045, 1056 (1990) (stating that "even if the party aggrieved by the discovery order lost the case at trial and appealed, only an unusual discovery order would be dispositive enough to show the harmful error that most jurisdictions require for appellate reversal").

***Because any error was not reversible, this court need not and should not address the father's law-of-the-case argument as to why this court should affirm the trial court's judgment.***

On appeal, the only issue before this court is whether the trial court reversibly erred by ruling that certain documents were not discoverable. In his

3

appellate brief, the father asserts that this issue lacks merit for four different reasons, including these two:

- under the law-of-the-case doctrine, this court should decline the mother's invitation to revisit this court's previous ruling on the same issue in its denial of the mother's mandamus petition regarding the same trial court ruling; and

- even if the trial court abused its discretion, any such error did not probably cause the rendition of an improper judgment or probably prevent the mother from properly presenting this case to the court of appeals.

If either of these arguments have merit, then this court should affirm the trial court's judgment.

The law-of-the-case doctrine is discretionary and prudential, rather than jurisdictional or mandatory. *See City of Houston v. Jackson*, 192 S.W.3d 764, 769 (Tex. 2006). Because any error is not reversible, resolution of the law-of-the-case argument is not necessary to the disposition of this appeal. Accordingly, this court need not and should not address the father's law-of-the-case argument. *See, e.g.*, *Sonat Exploration Co. v. Cudd Pressure Control, Inc.*, 340 S.W.3d 570, 577 (Tex. App.—Texarkana 2011, no pet.) (concluding that court need not and would not address appellee's law-of-the-case argument because it was not necessary to the disposition of the appeal).

***In the law-of-the-case analysis, the only issue is whether this court commented on the merits of the mandamus petition.***

Even if it were proper to address the father's law-of-the-case argument, the issue would be whether, in its prior opinion in the mandamus proceeding, this court *commented* on the merits of the mandamus petition, not whether this court *ruled* on the merits. *See Perry Homes v. Cull*, 258 S.W.3d 580, 586 (Tex. 2008); *Chambers*

4

*v. O'Quinn*, 242 S.W.3d 30, 32 (Tex. 2007). In a mandamus opinion, a court of appeals may deny mandamus relief on the merits without commenting on the merits. *See* Tex. R. App. P. 52.8(d). *See also In re City of Georgetown*, 53 S.W.3d 328, 337 (Tex. 2001) (Hecht, J., concurring) (noting that, in an appeal, a court of appeals is obliged to explain its decision by written opinion but that there is no such requirement when a court of appeals denies a petition for mandamus).

Thus, even if it were proper to address the law-of-the-case argument, it still would be unnecessary to interpret the language of this court's prior opinion in the mandamus proceeding to determine the basis for this court's ruling on the mandamus petition. *See ante* at pp. 4–6; *Perry Homes*, 258 S.W.3d at 586; *Chambers*, 242 S.W.3d at 32. The majority concludes that this court denied the mother's petition because she failed to provide an adequate record, and the majority mentions nothing about the merits of the petition. *See ante* at pp. 4–6. Thus, the majority suggests that this court did not rule on the merits of the mandamus petition. *See id*. Even if it were proper to address the law-of-the-case argument, the only issue would be whether, in its prior opinion in the mandamus proceeding, this court commented on the merits of the mandamus petition. *See Perry Homes*, 258 S.W.3d at 586; *Chambers*, 242 S.W.3d at 32. It would be unnecessary to determine the basis for this court's ruling on the mandamus petition or to suggest that this court did not rule on the merits of the mandamus petition. *See Perry Homes*, 258 S.W.3d at 586; *Chambers*, 242 S.W.3d at 32.

### *Conclusion*

The only issue presented is whether the trial court reversibly erred by ruling that certain documents were not discoverable. Any such error would not be reversible. To affirm the trial court's judgment this court need not and should not tackle the father's law-of-the-case argument. Instead, this court should affirm the

trial court's judgment solely because there is no reversible error. Because it does not, I respectfully decline to join the majority opinion, but I concur in the court's judgment.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Brown and Busby. (Busby, J., majority).