Opinion filed February 21, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00017-CV

_____

## JIM L. FLETCHER, Appellant

## V.

## EDWARD JONES TRUST COMPANY AND JAMES CLINTON FLETCHER, Appellees

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-18-06-0601-CV**

### M E M O R A N D U M   O P I N I O N

Jim L. Fletcher, Appellant, filed a notice of appeal in this cause and desires to appeal the trial court's January 4, 2019 order granting defendant Edward Jones Trust Company's motion to compel arbitration and its motion to stay proceedings. This court notified Appellant by letter dated January 16, 2019, that it did not appear to this court that a final, appealable order had been entered by the trial court, and we

requested that Appellant file a response showing grounds to continue this appeal. In the letter, we cited a statute and a Texas Supreme Court case for the proposition that interlocutory appeals are allowed from orders that deny arbitration, not from orders that compel arbitration. TEX. CIV. PRAC. & REM. CODE ANN. § 171.098 (West 2019); *Chambers v. O'Quinn*, 242 S.W.3d 30, 31 (Tex. 2007). Appellant filed a response in which he cites several cases involving mandamus proceedings, rather than direct appeals. We do not believe that Appellant has shown grounds upon which this interlocutory appeal may continue.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Section 171.098 authorizes an interlocutory appeal from an order "*denying* an application to compel arbitration" and an order "granting an application to stay arbitration." CIV. PRAC. & REM. § 171.098(a)(1)–(2) (emphasis added). The order from which Appellant attempts to appeal is not a final judgment, nor is it an order staying arbitration or denying an application to compel arbitration. An interlocutory appeal from an order granting a motion to compel arbitration is not authorized. *See id.* § 171.098; *Chambers*, 242 S.W.3d at 31; *see also In re Gulf Expl., LLC*, 289 S.W.3d 836, 839–40 (Tex. 2009) (adopting rule that appellate courts in Texas may review, on direct appeal, an order compelling arbitration if the order also dismisses the underlying litigation, making it a final order, rather than an interlocutory one). Because an interlocutory appeal is not authorized in this case and because a final, appealable order has not been entered, we lack jurisdiction and must dismiss this appeal. *See* TEX. R. APP. P. 42.3.

Accordingly, the appeal is dismissed for want of jurisdiction.


PER CURIAM


February 21, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.