**DISMISS and Opinion Filed October 28, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00314-CV

**RICKIE PATTON, Appellant**
**V.**
**BARRY JOHNSON AND STEVEN M. JOHNSON, INDIVIDUALLY**
**AND LAW OFFICES OF STEVEN M. JOHNSON, P.C.**
**D/B/A THE JOHNSON LAW FIRM, Appellees**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-16-01668-A**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Nowell
Opinion by Chief Justice Burns

Rickie Patton appeals from the trial court's February 22, 2019 order granting the joint motion to compel arbitration filed by Barry Johnson and Steven Johnson with the Law Offices of Steven M. Johnson d/b/a the Johnson Law Firm (collectively JLF) and Barry Johnson. Before the Court is JLF and Johnson's motion to dismiss the appeal.

Patton hired JLF to represent him in a products liability lawsuit concerning an allegedly defective hernia mesh device. They signed an Attorney Representation Agreement (Agreement) that provided that any dispute would be resolved by binding arbitration conducted in Fort Worth. The product liability lawsuit settled. Anticipating that Patton would file a legal malpractice lawsuit against him and JLF, Barry Johnson, a former attorney with the Johnson Law Firm, filed the

underlying lawsuit seeking a declaratory judgment as to the parties' rights under the Agreement and attorney's fees. While the lawsuit was pending, JLF initiated an arbitration proceeding against Patton in Fort Worth. The arbitrator dismissed the arbitration after concluding that Patton was not bound by the arbitration provision in the Agreement.

Johnson and JLF then filed a joint motion to compel arbitration in the underlying lawsuit. By order signed on February 22, 2019, the trial court granted the motion and ordered the parties to arbitration. Patton appeals from this order.

Under the Texas Arbitration Act (TAA), a party can appeal an order or judgment that either: (1) denies an application to compel arbitration made under section 171.021, or (2) grants an application to stay arbitration under section 171.023. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1),(2). The TAA does not provide for an interlocutory appeal from an order granting a motion to compel arbitration. Like the TAA, the Federal Arbitration Act does not permit an interlocutory appeal from an order compelling arbitration. *See* 9 U.S.C. § 16; *Chambers v. O'Quinn*, 242 S.W.3d 30, 31–32 (Tex. 2007).

In their motion to dismiss, Johnson and JLF assert the appealed order granting their motion to compel arbitration is not subject to an interlocutory appeal. In his response, Patton asserts the appealed order effectively disposed of all claims and parties, making the order a final and appealable judgment. By ordering the parties to arbitration, Patton asserts, the trial court awarded the declaratory relief sought. The trial court's order is not a final judgment because Johnson's claim for attorney's fees and Patton's counterclaim and cross-claim remain pending. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (final judgment is one that disposes of all parties and claims).

Alternatively, Patton asserts the order is an appealable interlocutory order because it effectively vacated the prior arbitrator's dismissal of the proceeding after finding that Patton was

not bound by the arbitration provision in the Agreement.  *See* 9 U.S.C. § 16 (a)(1)(E) (an order vacating an arbitration award is subject to an interlocutory appeal).  The prior arbitrator, however, dismissed the arbitration without making any award.  Thus, there was no award to vacate.

Statutory law does not permit an appeal from an order compelling arbitration.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1),(2); 9 U.S.C. § 16.  For this reason, we grant appellees' motion and dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a).


  /Robert D. Burns, III/
  ROBERT D. BURNS, III
  CHIEF JUSTICE


190314F.P05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

RICKIE PATTON, Appellant

No. 05-19-00314-CV     V.

BARRY JOHNSON AND STEVEN M.
JOHNSON, INDIVIDUALLY AND LAW
OFFICES OF STEVEN M. JOHNSON,
P.C., D/B/A THE JOHNSON LAW FIRM,
Appellees

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-16-01668-A.
Opinion delivered by Chief Justice Burns.
Justices Whitehill and Nowell participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees BARRY JOHNSON AND STEVEN M. JOHNSON, INDIVIDUALLY AND LAW OFFICES OF STEVEN M. JOHNSON, P.C., D/B/A THE JOHNSON LAW FIRM recover their costs of this appeal from appellant RICKIE PATTON.

Judgment entered October 28, 2019