

# NUMBER 13-22-00371-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **MARIO TREVINO CONSTRUCTION, LLC,** | **Appellant,** |

**v.**

| | |
|---|---|
| **DALLAS GREG GUTIERREZ AND VICTORIA ALEXIS VILLALOBOS,** | **Appellees.** |

**On appeal from the 430th District Court of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Silva
Memorandum Opinion by Justice Silva**

On August 10, 2022, appellant Mario Trevino Construction, LLC filed a notice of appeal regarding "an order abating litigation" signed on April 11, 2022. In its notice of appeal, appellant asserted that it filed a motion to reconsider the trial court's order on June 1, 2022, and the trial court denied that motion on July 11, 2022. In support of its notice of

appeal, appellant provided the July 11, 2022 order denying reconsideration, which states, in relevant part, that appellant and appellees Dallas Greg Gutierrez and Victoria Alexis Villalobos have been ordered to arbitrate their claims pursuant to a contract.

On August 11, 2022, the Clerk of this Court notified appellant that it appeared appellant was attempting to appeal an order which is not subject to appeal. The Clerk requested correction of this defect, if possible, and advised appellant that the appeal would be dismissed if the defect was not corrected within ten days. *See* TEX. R. APP. P. 37.1, 42.3(a). Appellant did not respond to the Clerk's notice. Subsequently, the Clerk advised appellant that the notice of appeal was late, the notice of appeal was defective, and appellant was delinquent in paying his fees for the appeal. Appellant did not respond to any of these notices.

As an appellate court, we have the obligation to examine our jurisdiction and may do so sua sponte. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020); *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "Exceptions to this general rule are provided by statutes that specifically authorize interlocutory appeals of particular orders." *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (listing several interlocutory orders that may be appealed). In this regard, an order compelling arbitration may be reviewed after rendition of a final judgment. *See Chambers v. O'Quinn*, 242 S.W.3d 30, 32 (Tex. 2007) (per curiam) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89 (2000)); *see also Davis v. Boyd*, No. 05-21-00154-CV, 2022 WL 4354174, at *3 (Tex. App.—Dallas Sept. 20, 2022, no pet. h.).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over this appeal. Accordingly, we dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

CLARISSA SILVA
Justice

Delivered and filed on the
6th day of October, 2022.