**Dismissed and Memorandum Opinion filed February 15, 2024.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-23-00876-CV

**STANTEC CONSULTING SERVICES, INC., Appellant**

**V.**

**ALMEDA-GENOA CONSTRUCTORS, Appellee**

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2023-50800**

## MEMORANDUM OPINION

This is an attempted appeal from an interlocutory order. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

Appellant is attempting to appeal an October 20, 22023, order granting a motion to compel arbitration. On November 17, 2023, appellant filed a notice of appeal specifying that "this is a Petition for Declaratory Relief, and the Court's October 20 Order definitively declared the rights and obligations of the parties as sought in the Petition, the Order decided the case in toto and is a final judgment pursuant to Tex. Civ. Prac. & Rem. Code § 37.003". On December 11, 2023, appellee filed a motion to dismiss for want of jurisdiction. On December 19, 2023, this court sent notice of dismissal for want of jurisdiction unless any party filed a response showing meritorious grounds for continuing the appeal.

We lack jurisdiction over the October 20, 2023 order because orders compelling arbitration are not reviewable by interlocutory appeal. *See Chambers v. O'Quinn,* 242 S.W.3d 30, 31–32 (Tex. 2007) (holding that neither the Texas Arbitration Act nor the Federal Arbitration Act provide for interlocutory appeals of orders granting or compelling arbitration. "The Act is one-sided, allowing interlocutory appeals solely from orders that deny arbitration."). Thus, the November 17 notice of appeal was not sufficient to invoke our jurisdiction.

On December 19, 2023, appellant filed a response to appellee's motion to dismiss for want of jurisdiction. We consider appellant's response to appellee's motion to dismiss as a response to this court's dismissal letter. Appellant's response does not demonstrate this court's jurisdiction.

Accordingly, we dismiss the appeal.


PER CURIAM

Panel consists of Chief Justice Christopher, Justices Wise and Jewell.

2