

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00506-CV

Brenda **KING**,
Appellant

v.

**CLARK, MALOUF & WHITE, LLP** and Florida Fine Cars, Inc. (CARVIX),
Appellees

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2024CV03996
Honorable Cesar Garcia, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
               Irene Rios, Justice
               Beth Watkins, Justice

Delivered and Filed: September 11, 2024

DISMISSED FOR LACK OF JURISDICTION

This is an attempted appeal from an interlocutory order. On July 22, 2024, appellant filed a notice of appeal challenging the trial court's order granting appellees' motion to abate and motion to compel arbitration. Thereafter, the trial court clerk filed the clerk's record, but it did not contain a final judgment.

In general, an appeal may be taken only from a final judgment. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). "Final judgment" is a term of art, and it means a judgment that disposes of all parties and all claims and is final for purposes of appeal.

*See id.* When an order does not dispose of all pending parties and claims, it remains interlocutory and unappealable until a final judgment is rendered unless a statutory exception applies. *Id.*; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). An order compelling arbitration is an interlocutory order, and neither the Texas Arbitration Act (TAA) nor the Federal Arbitration Act (FAA) provide for an interlocutory appeal from it. *Chambers v. Quinn*, 242 S.W.3d 30, 31–32 (Tex. 2007) (providing the TAA is "one-sided, allowing interlocutory appeals solely from orders that deny arbitration" and the FAA "makes no provision for interlocutory appeals from an order compelling arbitration."); *see also* TEX. CIV. PRAC. & REM. CODE § 171.098(a) (omitting orders granting motion to compel arbitration from list of appealable orders relating to arbitration). We therefore do not have jurisdiction to review a trial court's order compelling arbitration until a final judgment is entered. *Chambers*, 242 S.W.3d at 32 (explaining order compelling arbitration may be reviewed on appeal from final judgment); *Hum. Biostar, Inc. v. Celltex Therapeutics Corp.*, 514 S.W.3d 844 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (explaining court has jurisdiction to review order compelling arbitration after final judgment confirming arbitration award was entered).

Accordingly, because it appeared we did not have jurisdiction over this appeal, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Appellant filed a response, but the response does not establish this court's jurisdiction over her appeal. Instead, the response confirms appellant is attempting to pursue an appeal from an unappealable, interlocutory order. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM