

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-26-00026-CV

_____

RICHARD ADAME, APPELLANT

V.

GEORGE SHAKE, MARIANNE HOWLAND,
AND HOWLAND SHAKE LAW, LLP, APPELLEES

On Appeal from the 160th District Court
Dallas County, Texas
Trial Court No. DC-25-13824, Honorable Aiesha Redmond, Presiding

February 4, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Richard Adame, brings this interlocutory appeal from the trial court's order granting Appellees' motion to compel arbitration. Because no statute authorizes an appeal from such an order, we dismiss the appeal for want of jurisdiction.

Adame sued Appellees, George Shake, Marianne Howland, and Howland Shake Law, LLP, asserting various claims arising from alleged legal malpractice. Appellees responded by filing a motion to compel arbitration and to stay all trial court proceedings

pending completion of the arbitration. *See* TEX. CIV. PRAC. & REM. CODE § 171.021. The trial court granted the motion, and Adame appealed.

The appeal was initially filed in the Fifth Court of Appeals and later transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE § 73.001. Before the transfer, the Fifth Court notified Adame that it appeared to lack appellate jurisdiction because no statute authorizes an interlocutory appeal from an order granting a motion to compel arbitration.

An appellate court may review only final judgments or interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam). Although Section 171.098 of the Civil Practice and Remedies Code permits an interlocutory appeal from an order denying an application to compel arbitration, there is no statutory authority permitting an interlocutory appeal from an order granting such an application. *See* TEX. CIV. PRAC. REM. CODE §§ 171.021, 171.098; *Patton v. Johnson,* No. 05-19-00314-CV, 2019 Tex. App. LEXIS 9417, at *3 (Tex. App.—Dallas Oct. 28, 2019, no pet.) ("Statutory law does not permit an appeal from an order compelling arbitration). "The [Texas Arbitration Act] is one-sided, allowing interlocutory appeals solely from orders that deny arbitration. Similarly, the Federal Arbitration Act (FAA) makes no provision for an interlocutory appeal from an order compelling arbitration." *Chambers v. O'Quinn*, 242 S.W.3d 30, 31 (Tex. 2007).

In response to the jurisdictional inquiry, Adame contends that the trial court's order either constitutes a final judgment or is appealable by interlocutory appeal. Neither

2

contention has merit. Adame argues that the trial court's ruling "effectively removes Appellant's claims from the judicial forum and leaves nothing for the trial court to adjudicate . . . until arbitration concludes," thereby functioning "as a final disposition of Appellant's claims in court." The test for finality was established by the Supreme Court in *Lehmann*. There, the Supreme Court held, ". . . when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205–06. Here, the trial court's order does not dispose of any parties or claims and contains no finality language. *Patton v. Johnson*, No. 05-19-00314-CV, 2020 Tex. App. LEXIS 2327, at *2–3 (Tex. App.—Dallas Mar. 19, 2020, no pet.) (holding that an order granting a motion to compel arbitration is not a final judgment). Thus, under *Lehmann*, it is not a final judgment.

Adame next claims that interlocutory review is permitted because he challenges the existence of a valid arbitration agreement, citing *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). Kellogg, however, does not hold that issues of contract formation or arbitrability are reviewable by interlocutory appeal when the trial court grants a motion to compel arbitration. And, we have found no authority so holding.

Because no final judgment or appealable order is presented for review, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam

3