**HUMAN BIOSTAR, INC. and RNL Bio, Ltd. n/k/a K–Stemcell Co., Ltd., Appellants**

v.

**CELLTEX THERAPEUTICS CORPORATION,**
Appellee

NO. 14–15–00234–CV

Court of Appeals of Texas,
Houston (14th Dist.).

Majority and Concurring Opinions filed January 19, 2017

Rehearing Overruled February 28, 2017

Paula E. Hughes, Whitehouse, TX, Bruce C. Tough, Spring, TX, for Appellant.

Grant Cook, Houston, TX, Richard L. Tate, Richmond, TX, for Appellee.

Panel consists of Justices Jamison, Donovan and Brown.

## OPINION

John Donovan, Justice

Following mediation of the underlying dispute in this case, a Rule 11 settlement agreement ("the Agreement"), containing a provision to arbitrate "any disagreement result[ing] from negotiation and completion of this documentation," was entered into between Celltex Therapeutics Corporation ("Celltex"), RNL Bio, Ltd. n/k/a K–Stemcell Co., Ltd. ("K–Stemcell"), Human Biostar, Inc. ("Biostar"), and Hyeonggeun Park.[1] Subsequently, Celltex moved to compel arbitration, as the parties had been unable to "resolve the differences between [their] drafts" of "the documents necessary to consummate [the Agreement]." According to Celltex's motion to compel arbitration, the Agreement was made pursuant to Rule 11 of the Texas Rules of Civil Procedure and a true and correct copy of the

Agreement was filed with the clerk of the 434th District Court of Fort Bend County, Texas, on June 26, 2014. Neither K–Stemcell nor Biostar contest Celltex's assertion that the Agreement satisfies the requirements of Rule 11.

Celltex's motion to compel arbitration was granted by the trial court's order signed September 22, 2014. On February 12, 2015, the trial court entered an order confirming the arbitration award. On March 16, 2015, Biostar filed a notice of restricted appeal and K–Stemcell filed a notice of appeal from that order.[2] Because both appeals were filed from Trial Court Cause No. 12–DCV–202563, of the 434th District Court of Fort Bend County, Texas, they were assigned Appeal No. 14–15–00234–CV. On appeal, Biostar and K–Stemcell both complain of the order compelling arbitration and the order confirming the arbitration award.

### JURISDICTION

■ We initially address Celltex's arguments that we lack jurisdiction to entertain any appeal from the order compelling arbitration. Celltex first contends we lack jurisdiction because K–Stemcell's and Biostar's notices of appeal state they are taken from the trial court's order signed February 12, 2015, not the September 22, 2014, order compelling arbitration. Rule 25.1 provides that a notice of appeal must state the date of the judgment or order appealed from. Tex. R. App. P 25.1(d)(2). However, the rules do not require an appellant to list in the notice of appeal every interlocutory ruling that he desires to challenge on appeal. *See Ostrovitz & Gwinn, LLC v. First Specialty Ins. Co.*, 393 S.W.3d 379, 386 (Tex. App.–Dallas 2012, no

---

1. Hyeonggeun Park has not filed a notice of appeal in this case.

2. On April 27, 2015, the trial court signed an amended order correcting the date of the arbitration award.

pet.) (citing *Gunnerman v. Basic Capital Mgmt., Inc.*, 106 S.W.3d 821, 824 (Tex. App.–Dallas 2003, pet. denied) (holding that notice of appeal from final judgment "brought forward the entire case, including earlier interlocutory orders that were not independently appealable")); *Vazquez v. Vazquez*, 292 S.W.3d 80, 82–83 (Tex. App.–Houston [14th Dist.] 2007, no pet.) (holding that appellant did not limit his issues on appeal by "gratuitously listing only some of those issues in his notice of appeal"); *Anderson v. Long*, 118 S.W.3d 806, 809–10 (Tex. App.–Fort Worth 2003, no pet.) (holding that appellant could challenge interlocutory partial summary judgment even though notice of appeal stated that appeal was from order sustaining subsequent plea to the jurisdiction); *Tex. Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 647–48 (Tex. App.–San Antonio 2002, pet. denied) (holding that notice of appeal from default judgment that was the final order in the case also allowed appellant to raise appellate issues challenging prior interlocutory order dismissing part of case for want of prosecution)). We therefore reject Cellex's argument that we lack jurisdiction to consider the order compelling arbitration because the notices of appeal do not state they are taken from the trial court's order signed September 22, 2014.

■ Next, Celltex asserts we lack jurisdiction over an appeal from the order compelling arbitration because such an order is not appealable. Celltex is correct that orders compelling arbitration are not entitled to interlocutory appeal; however, they can be reviewed after final judgment in the case. *Chambers v. O'Quinn*, 242 S.W.3d 30, 32 (Tex. 2007) (citing *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 89, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000)). A judgment confirming an arbitration award is final and enforceable like any other judgment. *Hamm v. Millennium In-*

*come Fund, L.L.C.*, 178 S.W.3d 256, 268 (Tex. App.–Houston [1st Dist.] 2005, pet. denied). Accordingly, we have jurisdiction to review the order compelling arbitration.

■ Celltex further claims we lack jurisdiction to consider the challenges to the order compelling arbitration because the notices of appeal were not filed within thirty days of entry of that order. Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* Tex. R. App. P. 26.1. In this case, the appellate timetable ran from the date of the order confirming the arbitration award, as the final judgment, not the date of the order compelling arbitration. Because both notices of appeal were filed within thirty days of the order confirming the arbitration award, we do not lack jurisdiction due to untimeliness of the notices of appeal.

## THE RESTRICTED APPEAL

Rule 30 of the Texas Rules of Appellate Procedure provides that "[a] party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, *or a notice of appeal within the time permitted by Rule 26.1(a)*, may file a notice of appeal within the time permitted by Rule 26.1(c)." Tex. R. App. P. 30 (emphasis added). *See also Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Watson v. Watson*, 286 S.W.3d 519, 522 (Tex. App.–Fort Worth 2009, no pet.). As noted above, Biostar's notice of appeal was filed within thirty days of the order confirming the arbitration award. Accordingly, Biostar filed a notice of appeal within the time permitted by Rule 26.1(a) and therefore fails to meet the requirements of a restricted appeal. *See* Tex. R. App. P. 26.1 and 30. Accordingly, we consider Biostar's appeal without

applying the strictures of a restricted appeal. Because Biostar did, however, timely file a notice of appeal that does not lack the requisite information, our jurisdiction has been invoked. *See* Rule 25.1(d).

## THE ORDER COMPELLING ARBITRATION

▮▮▮ Arbitration cannot be ordered in the absence of an agreement to arbitrate. *Freis v. Canales*, 877 S.W.2d 283, 284 (Tex. 1994). Thus, despite strong presumptions that favor arbitration, a valid agreement to arbitrate is a threshold requirement to compel arbitration. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737–38 (Tex. 2005) (orig. proceeding). Courts apply state contract law in determining whether there is a valid agreement to arbitrate. *See In re Rubiola*, 334 S.W.3d 220, 224 (Tex. 2011) (orig. proceeding). Once the arbitration movant establishes a valid arbitration agreement that encompasses the claims at issue, a trial court has no discretion to deny the motion to compel arbitration unless the opposing party proves a defense to arbitration. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753–54 (Tex. 2001) (orig. proceeding).

▮▮▮ The trial court conducts a summary proceeding to make the gateway determination of arbitrability. *See In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005) (orig. proceeding). The trial court's determination of the arbitration agreement's validity is a legal question that we review de novo. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). If the court's factual findings are in dispute, we review the court's denial of the motion under a legal sufficiency or "no evidence" standard of review. *Id.* at 233.

▮▮▮ In three issues, Biostar and K–Stemcell challenge the trial court's order compelling arbitration.[3] In its first issue, Biostar claims the trial court erred by granting Celltex's motion to compel arbitration without first determining whether the Agreement was enforceable. Both Biostar and K–Stemcell argue the trial court erred in submitting the issue of arbitrability to the arbitrator.

In response to Celltex's motion to compel, K–Stemcell and Biostar argued, without citing legal authority, that the motion should be denied because Celltex had not yet determined, in a separate proceeding, whether the Agreement was enforceable. K–Stemcell and Biostar acknowledged in their response to the motion to compel that disagreements resulting from the negotiation and completion of the documents necessary to consummate the Agreement "are the only issues actually governed by the arbitration agreement" but asserted disputes regarding the enforceability of the Agreement "are not subject to the arbitration agreement." K–Stemcell and Biostar contended the trial court could not determine whether to compel arbitration "without first determining whether the Rule 11 Agreement is even enforceable."

▮▮▮ On appeal, in two separate briefs, Biostar and K–Stemcell expand their argument to assert the trial court, not the arbitrator, had the authority to decide the issue of arbitrability, Biostar asserts approval of the Agreement is a condition precedent to the formation of the contract that required approval by Biostar's board of directors. Whether a contract was formed without that approval, Biostar argues, was an issue for the trial court rather than the arbitrator. K–Stem-

---

**3.** The record reflects a hearing was held on the motion to compel September 22, 2014, but the record before this court contains no reporter's record of that hearing. Because the trial court's order indicates the hearing was not evidentiary, the lack of a record does not prevent our consideration of this complaint.

cell contends the trial court failed to decide the "gateway issue" that there was a contractual agreement to arbitrate and the arbitration provision does not submit that question to the arbitrator instead of the trial court. Considering the response to the motion to compel in light of their briefs, we discern K–Stemcell's and Biostar's argument to be that the trial court erred in allowing the arbitrator to decide whether the Agreement was enforceable. As the Texas Supreme Court explained in *In re Morgan Stanley & Co., Inc.*, 293 S.W.3d 182, 185 (Tex. 2009), prior to *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), a defense to an agreement to arbitrate that would render the entire contract unenforceable or void was for the court to decide because if the underlying contract was invalid so too was the agreement to arbitrate. *Prima Paint* established the "separability doctrine," explaining that an arbitration provision was separable from the rest of the contract and that the issue of the contract's validity was to be determined by the arbitrator unless the challenge was to the agreement to arbitrate itself. *Id.* (citing *Prima Paint*, 388 U.S. at 402–04, 87 S.Ct. 1801); *see also Women's Reg'l Healthcare, P.A. v. FemPartners of N. Tex., Inc.*, 175 S.W.3d 365, 368 (Tex. App.–Houston [1st Dist.] 2005, no pet.)("if the parties' dispute arises from a contract containing an arbitration clause, a challenge to the contract as a whole—as opposed to a challenge specific to the arbitration clause itself—must be resolved by the arbitrators" at 368); *Saxa Inc. v. DFD Architecture, Inc.*, 312 S.W.3d 224, 229 n. 4 (Tex. App.–Dallas 2010, pet. denied). A

challenge to the contract validity " 'is considered by the arbitrator in the first instance.' " *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 898 (Tex. 2010) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006)). Although this " 'rule permits a court to enforce an arbitration agreement in a contract that the arbitrator later finds to be void[,] . . . it is equally true that [the opposite] approach permits a court to deny effect to an arbitration provision in a contract that the court later finds to be perfectly enforceable.' " *Id.* (quoting *Buckeye*, 546 U.S. at 448–49, 126 S.Ct. 1204). This dilemma is resolved by allocating such decisions to arbitration in accordance with the liberal policy favoring arbitration. *Id.*[4]

K–Stemcell and Biostar have not raised a challenge to the agreement to arbitrate that is "specific to the arbitration clause itself". Because Biostar's and K–Stemcell's challenge to the motion to compel attacks the enforceability of the entire Agreement, the trial court did not err in submitting the issue of arbitrability to the arbitrator. *See TMI, Inc. v. Brooks*, 225 S.W.3d 783, 793 (Tex. App.–Houston [14th Dist.] 2007, pet. denied) (holding defenses concerning the contract as a whole must be referred to an arbitrator while defenses to the arbitration provision itself are considered by the court). For these reasons, we overrule Biostar's first and second issues and K–Stemcell's first issue.

### THE ORDER CONFIRMING THE ARBITRATION AWARD

A trial court's decision to confirm or vacate an arbitration award is nar-

---

**4.** We are cognizant that this court, as well as the Texas Supreme Court, have distinguished cases involving claims of a lack of authority or capacity to execute the contract, but no such argument was made in opposition to the motion to compel in the case at bar. *See In re*

*Morgan Stanley & Co.*, 293 S.W.3d 182, 189–90 (Tex. 2009) (regarding lack of mental capacity); *Am. Med. Techs., Inc. v. Miller*, 149 S.W.3d 265, 273 (Tex. App.–Houston [14th Dist.] 2004, pet. denied) (regarding lack of authority).

rowly reviewed under a de novo standard. *D.R. Horton–Tex., Ltd. v. Bernhard,* 423 S.W.3d 532, 534 (Tex. App.–Houston [14th Dist.] 2014, pet. denied); *Amoco D.T. Co. v. Occidental Petroleum Corp.,* 343 S.W.3d 837, 841 (Tex. App.–Houston [14th Dist.] 2011, pet. denied). We give great deference to the trial court's decision to confirm an arbitration award and indulge every reasonable presumption in favor of it. *CVN Grp., Inc. v. Delgado,* 95 S.W.3d 234, 238 (Tex. 2002); *Amoco D.T. Co.,* 343 S.W.3d at 841.

Biostar's third issue contends the trial court erred in confirming the arbitration award on the basis it was not properly provided with notice of the arbitration proceedings. K–Stemcell's second and third issues also claim the trial court erred in confirming the arbitration award on the ground that Biostar was not properly provided with notice of the arbitration proceedings.[5]

A hearing was held February 12, 2015, on Celltex's motion to confirm the arbitrator's award. K–Stemcell appeared but Biostar did not. The record reflects that although K–Stemcell filed objections to the arbitrator's award the day before, at the hearing on the motion to confirm the arbitration award K–Stemcell made no argument to the trial court regarding any lack of notice to Biostar. Further, the record reflects the notice of hearing on the confirmation of the arbitrator's award was served on Dr. Jihn Han Hong, the designated representative of Biostar according to former counsel's motion to withdraw. The trial court subsequently confirmed the arbitration award. On March 16, 2016, K–Stemcell requested the trial court to vacate the arbitrator's award. Biostar never made such a request.

In their briefs, Biostar and K–Stemcell contend the arbitrator's failure to notify Biostar, as a separate entity, of the arbitration proceedings constitutes misconduct by the arbitrator so that vacatur of the award is required. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(2)(C) (West 2011). Section 171.088 provides that "[o]n application of a party, the court shall vacate an award if . . . the rights of a party were prejudiced by . . . misconduct or wilful misbehavior of an arbitrator."). *Id.* Because both Biostar and K–Stemcell waived this complaint, we do not decide whether separate notice was required or a lack of notice constitutes misconduct as contemplated by section 171.088.

The party must make its application for vacatur under subsection (a)(1) "not later than the 90th day after the date the grounds for the application are known or should have been known." *Id.* § 171.088(b). The plain language of section 171.088 shows that "the legislature intended the 90–day period . . . to be a limitations period after which a party cannot ask a court to vacate an arbitration award." *New Med. Horizons II, Ltd. v. Jacobson,* 317 S.W.3d 421, 428 (Tex. App.–Houston [1st Dist.] 2010, no pet.). A party seeking to vacate an arbitration award must present any grounds for doing so to the trial court, otherwise, those complaints are waived on appeal. *See* Tex. R. App. P. 33.1; *Ewing v. Act Catastrophe–Tex. L.C.,* 375 S.W.3d 545, 549 (Tex. App.–Houston [14th Dist.] 2012, pet. denied); *Kline v. O'Quinn,* 874 S.W.2d 776, 790–91 (Tex. App.–Houston [14th Dist.] 1994, writ denied) (op. on reh'g).

Because Biostar made no application to the trial court to vacate the arbitrator's

---

**5.** Because we determine the complaint was waived, we do not decide whether K–Stemcell has standing to raise this issue on appeal.

award, its complaint is waived on appeal. Biostar's third issue is overruled.

■ The record reflects that although K–Stemcell filed objections to the arbitrator's award the day before the hearing on the motion to confirm the arbitration award, at the hearing K–Stemcell made no argument to the trial court regarding any lack of notice to Biostar. The court signed the order confirming the award on February 12, 2015. K–Stemcell did not seek vacatur of the arbitrator's award until March 16, 2015. Although the request was made within 90 days, it was not made until after the award was confirmed.

■ Filing a motion to vacate after confirmation of the award constitutes waiver. *Black v. Shor*, 443 S.W.3d 154, 163–64 (Tex. App.–Corpus Christi 2013, pet. denied), citing *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 260 (Tex. App.–San Antonio 2003, pet. denied); *Hamm*, 178 S.W.3d at 269). "A motion to vacate, to modify, or to correct an arbitration award must be raised or considered before or simultaneously with a motion to confirm the award." *Hamm*, 178 S.W.3d at 269. Otherwise, the complaint is waived. *See, e.g., GJR Mgmt. Holdings*, 126 S.W.3d at 260 (finding a motion filed after the trial court had already confirmed the award was untimely). Accordingly, K–Stemcell also waived its complaint. K–Stemcell's second and third issues are overruled.

### CONCLUSION

Having overruled all the issues presented by both appellants, the orders of the trial court are affirmed. Further, we decline to award frivolous appeal damages under the facts of this case. *See* Tex. R.

App. P. 45. Appellee's motion is therefore denied.

(Jamison, J., Concurring.)

Martha Hill Jamison, Justice, Concurring

I concur with the majority's disposition of this case but respectfully disagree with its analysis in several areas, particularly concerning whether Biostar's appeal should be analyzed under the requirements for an ordinary or a restricted appeal.[1]

### *The Restricted Appeal*

As the majority acknowledges, Biostar filed a notice of restricted appeal and thereafter briefed this court based on the requirements applicable to restricted appeals. Biostar did not file a notice for, or otherwise pursue, an ordinary appeal. Nonetheless, the majority construes and analyzes Biostar's appeal as an ordinary appeal.

A restricted appeal is a direct attack on the trial court's judgment. *E.g., Larson v. Giesenschlag*, 368 S.W.3d 792, 795–96 (Tex. App.–Austin 2012, no pet.); *RMS Residential Props., LLC v. Molina*, No. 14–11–00232–CV, 2011 WL 5314526, at *1 (Tex. App.–Houston [14th Dist.] Nov. 3, 2011, no pet.) (mem. op.). It is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment. *Telezone, Inc. v. Kingwood Wireless*, No. 14–15–00742–CV, 2016 WL 7436813, at *1 (Tex. App.–Houston [14th Dist.] Dec. 22, 2016, no pet. h.) (mem. op.); *Sweed v. Nye*, 354 S.W.3d 823, 825 (Tex. App.–El Paso 2011, no pet.). To prevail on a restricted appeal, Biostar must establish (1) it filed notice of the restricted appeal within six months after the judgment was

---

1. I agree with the majority's disposition and analysis of Celltex's jurisdictional issues.

signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also* Tex. R. App. P. 26.1(c), 30.[2] Appellees dispute only the fourth element, arguing that the face of the record shows no error.

When reviewing a restricted appeal, the face of the record consists of all of the papers on file—including the clerk's record and the reporter's record—at the time the judgment was signed. *In re K.M.*, 401 S.W.3d 864, 866 (Tex. App.–Houston [14th Dist.] 2013, no pet.) (citing *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991)). Extrinsic evidence may not be considered. *Alexander*, 134 S.W.3d at 848; *W. Garry Waldrop DDS, Inc. v. Pham*, No. 14–15–00747–CV, 2016 WL 4921588, at *1 (Tex. App.–Houston [14th Dist.] Sept. 15, 2016, no pet.) (mem. op.). Evidence not before the trial court prior to final judgment is beyond the scope of review and may not be considered. *See Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Ven-*

*ture*, 811 S.W.2d 942, 944 (Tex. 1991) (writ of error appeal); *Laas v. Williamson*, 156 S.W.3d 854, 857 (Tex. App.–Beaumont 2005, no pet.); *see also Yazdchi v. Wells Fargo*, No. 01–15–00381–CV, 2016 WL 6212998, at *2 (Tex. App.–Houston [1st Dist.] Oct. 25, 2016, no. pet. h.) (mem. op.).

As a matter of first impression, the majority concludes that Biostar's appeal should be construed as an ordinary appeal instead of a restricted appeal because Biostar filed its "Notice of Restricted Appeal" within thirty days of the trial court's final judgment.[3] I respectfully disagree. Nothing in the appellate rules expressly requires a notice of restricted appeal to be filed more than thirty days after the final judgment. *See* Tex. R. App. P. 26.1(c) (providing that notice of a restricted appeal must be filed within six months from judgment). While Texas Rule of Appellate Procedure 30 provides that "[a] party . . . who did not timely file . . . a notice of appeal within the time permitted by Rule 26.1(a) [ordinary appeal], may file a notice of appeal within the time permitted by Rule 26.1(c) [restricted appeal]," I disagree with the majority that Biostar's Notice of Restricted Appeal should be construed as a timely notice of ordinary appeal.[4] Doing so

---

2. Rule 26.1 provides that a notice of appeal generally must be filed within 30 days after the judgment is signed, except for certain listed exceptions, including "(c) in a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed."

3. The thirtieth day after the February 1, 2015 final judgment was signed was a Sunday; therefore, March 16, 2015, the day Biostar filed its notice, is construed as "within thirty days." *See* Tex. R. Civ. P. 4.

4. Not only is Biostar's notice styled "Notice of Restricted Appeal," it outlines the requirements for a restricted appeal in the body of the motion (it was a party to the underlying lawsuit, it did not participate in the hearing that resulted in the judgment complained of,

and it did not timely file any post-judgment motions or requests for findings of fact and conclusions of law). *See, e.g., Alexander*, 134 S.W.3d at 848. We look to the substance of a pleading to determine the relief sought, not merely to its form or title. *In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) (citing *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980)). Here, both the title and the substance of the pleading makes clear that Biostar seeks a restricted appeal. We need not construe it otherwise.

It is further worth noting that the history of Rule 30 does not mandate the majority's reading of the rule. Rule 30 was promulgated in 1987 to replace the writ of error procedure contained in former Texas Rule of Appellate Procedure 45. *See* Tex. R. App. P. 30; *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d

violates the spirit of the appellate rules and unnecessarily complicates the appellate process for appellants, appellees, and the courts of appeals.[5]

As an appellant having filed a Notice of Restricted Appeal, Biostar then filed an appellate brief attempting to demonstrate its entitlement to relief under the requirements for a restricted appeal, not an ordinary appeal. Therefore, construing the notice as a notice for an ordinary appeal means the majority fails to address Biostar's appellate arguments as they are raised. Moreover, it appears Biostar may have pursued a restricted appeal because it did not, in fact, participate in the proceedings below that resulted in the judgment about which it complains. The majority, however, basically construes the appeal as an ordinary appeal and then holds Biostar *waived* its appellate complaints by not raising them in the proceedings in which it did not participate. The majority's holding therefore robs Biostar of the type of appellate review it sought, the only type of review that makes rational sense given Biostar's non-participation below. *See generally Salvaggio v. Brazos Cty. Water Control & Imp. Dist. No. 1*, 598 S.W.2d 227, 229 (Tex. 1980) ("An appellant should be accorded a very reasonable and liberal interpretation of the rules and requirements of appellate review.").

The majority's holding is also problematic when viewed from Celltex's position in this case. An appellee responding to a Notice of Restricted Appeal and briefing raising only restricted appeal issues easily could be lulled into failing to make arguments that would be proper in an ordinary appeal or perhaps not bringing forward additional parts of the record that might support the judgment. The majority's hold-

---

586, 588 (Tex. 1996). Under former Rule 45, the writ of error procedure was only available to a party to the suit who did not participate in the actual trial and who filed the writ within six months of the judgment. *Texaco*, 925 S.W.2d at 588. When confusion arose over the definition of "participation" in certain contexts, the Texas Supreme Court, in *Texaco*, clarified the requirement, citing *Lawyers Lloyds v. Webb*, where the court made a practical distinction between those who should use the speedier ordinary appeal and those who may appeal by writ of error:

> Those who participate in the trial leading up to the rendition of judgment are familiar with the record, and are therefore in position to prepare for appeal on short notice; whereas, those who do not so participate in the actual trial, and are therefore unfamiliar with the record, may need additional time in which to familiarize themselves with the record. For example: One who participates in the *hearing of the evidence* will be familiar with the facts introduced upon the trial and can immediately begin the preparation of his appeal.

*Texaco*, 925 S.W.2d at 590–91 (quoting *Lawyers Lloyds*, 137 Tex. 107, 152 S.W.2d 1096, 1098 (1941) (emphasis added)).

The court held that the language "did not participate in the actual trial of the case in the trial court," contained in former Rule 45(b), was intended to limit appeals by writ of error to parties who had not participated in "the decision making event" that resulted in the judgment adjudicating that party's rights. *Id.* at 589–90; *see also* John Hill Cayce, Jr., et. al., *Civil Appeals in Texas: Practicing Under the New Rules of Appellate Procedure*, 49 Baylor L. Rev. 867, 917 (1997). Rule 30 essentially codified *Texaco* and further limited participation by prohibiting a restricted appeal if the party timely filed a post-judgment motion, request for findings of fact, or notice of an ordinary appeal. *See* Tex. R. App. P. 30; Cayce et. al, *supra*, at 917–18. The new rule does not eliminate the alternative path for an appeal for parties who did not participate in the decision making event.

5. I note the plain language of the rule uses the past tense: "did not … file," clearly indicating a post-judgment motion, including a notice of appeal, filed *prior to* the notice of restricted appeal.

ing also unnecessarily complicates the analysis for appellate courts. Essentially, the majority has determined to address appellate issues not actually raised by the appellant and not actually responded to by the appellee. This switched analysis may appear relatively straightforward in this case, but it will not be so in all such cases. If, as the majority apparently concludes, a notice of restricted appeal can only properly be filed after 30 days have elapsed from judgment, the more reasonable holding would be to deem Biostar's prematurely-filed Notice of Restricted Appeal as filed on the first proper day on which it could be filed. This holding would provide Biostar with the review it sought, avoid confusion for Celltex, and eliminate the need for this court to craft and then resolve different issues than those actually raised.

### The Face of the Record

Biostar challenges the trial court's ruling in several issues, some of which are similar to those raised by K–Stemcell. However, the analysis of Biostar's issues on restricted appeal is limited to error apparent on the face of the record. *See Alexander*, 134 S.W.3d at 848. As an initial matter, I note that Biostar's briefing does not cite the record to support its argument that error is apparent. This Court has no duty to search a voluminous record with-

out guidance from Biostar to determine whether an assertion of reversible error is valid. *See Parex Res., Inc. v. ERG Res., LLC*, 427 S.W.3d 407, 420 (Tex. App.–Houston [14th Dist.] 2014), *aff'd sub nom*, *Searcy v. Parex Res., Inc.*, 496 S.W.3d 58 (Tex. 2016); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.–Houston [14th Dist.] 2002, no pet.).

To the extent Biostar argues that its board of directors failed to approve the Agreement, Biostar directs us only to the Agreement itself.[6] The cited passage states: "The obligations under this Agreement are subject to Stemcell's and Celltex's board of directors' approval." No evidence in the record establishes that the Biostar board failed to approve the Agreement. A restricted appeal requires error that is apparent on the face of the record; error that is merely inferred will not suffice. *See Ginn v. Forrester*, 282 S.W.3d 430, 431, 433 (Tex. 2009).

To the extent Biostar argues the arbitrator failed to provide it with proper notice of the arbitration hearing, Biostar directs us only to the arbitration award itself and statements made therein regarding efforts to contact the parties, which the arbitrator deemed to be proper notice.[7] The record does not reveal what "proper notice" was required under the arbitration

6. Biostar argues that the approval of the board of directors is a condition precedent to the enforceability of the Agreement.

7. In the award, the arbitrator stated that "The Parties [defined to include Biostar] received ... notice of the hearing." The award thereafter appears to contain a typographical error in that it uses the acronym "BSI" for Biostar instead of the defined acronym "HBI." The arbitrator additionally states that "although clearly on notice, BSI has ignored the arbitration" and explains in a footnote as follows:
   Until October 23, 2014, K–Stemcell and BSI had been jointly represented by Brian Antwell and Katten Muchin Rosenman

LLP, at which time, with court approval, Mr. Antwell and his firm withdrew from the representation. Thereafter, although actual notices were delivered to co-counsel in Korea and forwarded on to K–Stemcell and BSI, no counsel entered an appearance in the arbitration proceeding for either of those parties until the November 17, 2014, hearing. At that hearing, Lance B. Lee and Lee International IP & Law Group appeared, at least the Arbitrator thought, for K–Stemcell and BSI. Mr. Lee has now made it clear that his appearance and later fillings were only in behalf of K–Stemcell.

agreement or applicable rules.[8] *See* Tex. Civ. Prac. & Rem. Code § 171.044(a) (*"Unless otherwise provided by the agreement to arbitrate,* the arbitrators shall set a time and place for the hearing and notify each party."*) (emphasis added); *see also Tan v. Lee,* No. 14–06–00319–CV, 2007 WL 582084, at *2 (Tex. App.–Houston [14th Dist.] Feb. 27, 2007, no pet.) (mem. op.). Biostar, in fact, complains that "nothing in the record indicates that proper notice was received by [Biostar]." Silence of the record regarding notice is insufficient to show error on the face of the record. *See Alexander,* 134 S.W.3d at 849–50. Accordingly, I would overrule Biostar's issues on restricted appeal and confirm the trial court's judgment as to it.

### *K–Stemcell's Appeal* [9]

I agree with the disposition of K–Stemcell's issues, but I disagree that it waived vacatur by filing objections the day before the hearing.[10] However, at the hearing on the motion to confirm the arbitration award, K–Stemcell offered no evidence to support its objections. A party seeking to vacate an arbitration award bears the burden of presenting a complete record that establishes grounds for vacatur. *Amoco D.T. Co. v. Occidental Petroleum Corp.,* 343 S.W.3d 837, 841 (Tex. App.–Houston [14th Dist.] 2011, pet. denied). I would overrule K–Stemcell's issues and affirm the trial court's judgment as to it.[11]

---

8. The parties dispute, in post-submission letters, whether the parties agreed to be bound by the Texas Arbitration Act.

9. I would not consider Biostar's briefing on these issues, as did the majority.

---

10. I agree that the challenges to the motion to compel arbitration were as to the contract as a whole and the trial court did not abuse its discretion in granting the motion to compel.

11. I agree with the majority's denial of the motion to award frivolous appeal damages on this record.