**Motion Granted; Appeal Dismissed and Memorandum Opinion filed November 29, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00889-CV

## STEFANI BAMBACE, Appellant

## V.

## BERRY Y&V FABRICATORS, LLC, Appellee

**On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2018-27762**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order granting defendant's plea in abatement and motion to compel contractually agreed arbitration. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered

unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001).

Orders compelling arbitration are not entitled to interlocutory appeal; however, they can be reviewed after final judgment in the case. *Chambers v. O'Quinn*, 242 S.W.3d 30, 32 (Tex. 2007); *Human Biostar, Inc. v. Celltex Therapeutics Corp.*, 514 S.W.3d 844, 847 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

On October 25, 2018, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal on or before November 6, 2018. *See* Tex. R. App. P. 42.3(a). On November 12, 2018, appellee filed a motion to dismiss. Appellant filed responses in which she argues this is not an interlocutory appeal because although the dispute relates to an arbitration agreement, the primary dispute is whether the contract is enforceable. The order being appealed, however, is an order compelling arbitration, which is not reviewable until appeal from a final judgment. *See In re Palacios*, 221 S.W.3d 564, 566 (Tex. 2006) ("We recognize there is some one-sidedness in reviewing only orders that deny arbitration, but not orders that compel it. Yet both the Federal and Texas acts leave little uncertainty that this is precisely what the respective legislatures intended."). Appellant's response fails to demonstrate that this court has jurisdiction over the appeal.

Accordingly, appellee's motion is granted and the appeal is ordered dismissed.


PER CURIAM

Panel consists of Justices Donovan, Wise, and Jewell.