**Opinion issued January 29, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00853-CV

_____

**ISAIAH OMOREGIE, Appellant**

**V.**

**TPS WILL CLAYTON, LLC, LYFT, INC., ROTIMI BABASOLA, AND AYTODELE PETER OLAWUNI, Appellees**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-17617**

---

## MEMORANDUM OPINION

Appellant is attempting to appeal from an order, signed September 22, 2025, granting a motion to compel arbitration and stay trial court proceedings, filed by appellee Lyft, Inc. Appellee has filed a motion to dismiss the appeal for lack of

jurisdiction. The certificate of conference indicates that appellant opposed the motion, but appellant has filed no response.

Appellee asserts that the order appellant is attempting to appeal is an unappealable interlocutory order. Appellate courts have jurisdiction to review interlocutory orders only if a statute explicitly confers jurisdiction. *See Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). "When a party attempts to appeal a non-appealable interlocutory order, we have no jurisdiction except to dismiss the appeal." *Cantu Servs., Inc. v. United Freedom Ass'n, Inc.*, 329 S.W.3d 58, 63 (Tex. App.—El Paso 2010, no pet.).

An order compelling arbitration is not reviewable by interlocutory appeal but may be appealed from a final judgment in the case. *See Human Biostar, Inc. v. Celltex Therapeutics Corp.*, 514 S.W.3d 844, 847 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). This interlocutory order is not made appealable by the Federal Arbitration Act. *See id.* (citing 9 U.S.C.A. §16(b)(1),(3)). No Texas statute permits appeal from this type of order. *See* TEX. CIV. PRAC. & REM. CODE § 51.016 (order under the Federal Arbitration Act is not appealable unless appeal is permitted under 9 U.S.C.A. §16); *Brown v. Horizon Owners Ass'n, Inc.*, No. 04-17-00159-CV, 2017 WL 3159442, at *1 (Tex. App.—San Antonio July 26, 2017, no pet.) (noting that neither Federal Arbitration Act nor Texas Arbitration Act permit interlocutory

appeals from orders compelling arbitration).  Accordingly, we lack jurisdiction over this appeal.

We grant appellee's motion and dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a).  Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Dokupil.