

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00119-CV

---

MPII, Inc. d/b/a Mission Park Funeral Chapels and Cemeteries, Appellants

v.

Melissa Braddock, Zachary Moore, and Cheyenne Weaver, Appellees

---

On Appeal from the 225th District Court
Bexar County, Texas
Trial Court No. 2023CI04167 and 2025CI05641

---

## MEMORANDUM OPINION[1]

In this interlocutory appeal, Appellant MPII, Inc. (Mission Park) asserts that the trial

court abused its discretion in denying its motion to stay the claims of Appellees Zachary Moore

and Cheyene Weaver while Appellee Melissa Braddock arbitrated her claim.

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

# I. BACKGROUND

According to the pleadings filed in the underlying case, Braddock contracted with Mission Park to provide funeral services after the death of her mother, Rita Ann Moore. Braddock's contract with Mission Park included an arbitration agreement. Braddock and her children, Moore and Weaver, allege that Mission Park negligently mishandled Rita's remains and they filed the underlying lawsuit.[2] Mission Park moved to compel Braddock to arbitrate her claim and requested that the trial court stay the entire lawsuit, including the claims brought by Moore and Weaver, who are nonsignatories to the arbitration agreement. The trial court granted the motion to compel Braddock to arbitrate and stayed her claims. However, it denied Mission Park's request for a stay of Moore and Weaver's claims which it severed into a separate suit.[3] That denial is the basis of Mission Park's sole issue on appeal. Mission Park contends that the trial court was required to stay Moore and Weaver's claims because, even though they are not parties to the arbitration agreement, litigation of their claims "could subvert [Mission Park's] right to a meaningful arbitration with [Braddock] by deciding issues subject to the arbitration." *Cardinal Senior Care, LLC v. Bradwell*, No. 04-21-00557-CV, 2022 WL 17660268, at *6 (Tex. App.—San Antonio Dec. 14, 2022, no pet.) (mem. op.).

After this appeal was filed, Mission Park and Braddock attended arbitration. The arbitrator found that Braddock failed to prove that Mission Park was negligent and that she is not entitled to recover any damages. The trial court confirmed the arbitration award. Braddock has now appealed that judgment and her appeal is currently pending in the Fourth Court of Appeals.

---

[2] Braddock and Appellees also filed claims against Beyer & Beitel Mortuary Services, LLC. Those claims were resolved through a settlement reached in mediation.

[3] After the appeal was filed and before it was transferred to our Court, the Fourth Court of Appeals granted a stay of Moore and Weaver's claims pending the resolution of the appeal.

Braddock's notice of appeal indicates that she is only appealing the ruling compelling the case to arbitration. Moore and Weaver argue that this appeal is moot now that Braddock has arbitrated her claims and request that we dismiss the appeal.

## II. MOTION TO DISMISS

A case is moot once there is no longer a live controversy between the parties and "the court's action on the merits cannot affect the parties' rights or interests." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012). If an appeal becomes moot, we no longer have jurisdiction because any opinion would be advisory. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018), as corrected on denial of reh'g (Dec. 21, 2018); *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) ("This prohibition [of deciding moot controversies] is rooted in the separation of powers doctrine in the Texas and United States Constitutions that prohibits courts from rendering advisory opinions.") (citing Tex. Const. art. II, § 1).

The reason for staying nonsignatory claims (like Moore and Weaver's) pending arbitration of a signatory's claims (like Braddock's) is "to ensure that an issue two parties have agreed to arbitrate is not decided instead in collateral litigation." *In re Merrill Lynch Trust Co.*, 235 S.W.3d 185, 196 (Tex. 2007); *see also Harvey v. Joyce*, 199 F.3d 790, 795–96 (5th Cir. 2000) ("If [defendant] were forced to try the case, the arbitration proceedings would be both redundant and meaningless; in effect, thwarting the federal policy in favor of arbitration."). Moore and Weaver argue that the appeal is moot because litigation of their claims will not interfere with Braddock's arbitration because arbitration has already concluded. They say that Braddock appeals only the order compelling arbitration so no matter the result of her appeal, her claim would not go back to arbitration. If Braddock is successful, Appellees argue, the order compelling arbitration would be vacated and her case will be remanded for trial. If she is not

3

successful, the court of appeals will affirm the trial court's confirmation of the arbitration award. Mission Park disagrees and contends that this appeal is not moot because remand to arbitration remains a possibility. It explains that though Braddock's appeal currently challenges only the order compelling arbitration, she could, under the rules of appellate procedure and with leave of the Fourth Court of Appeals, amend her notice of appeal or brief to raise issues for which remand to arbitration is the relief. Tex. R. App. P. 25.1 (g). Mission Park argues that if Braddock's case is eventually remanded to arbitration, then any litigation of Moore and Weaver's claims in the meantime could have a critical impact the arbitration.

"In Texas, review of arbitration awards is extraordinarily narrow." *Hisaw & Assocs. Gen. Contractors, Inc. v. Cornerstone Concrete Sys., Inc.,* 115 S.W.3d 16, 18 (Tex. App.—Fort Worth 2003, pet. denied). A trial court must confirm the award unless a party raises certain statutory grounds to vacate it. Tex. Civ. Prac. & Rem. Code Ann. §§ 171.087 ("Unless grounds are offered for vacating, modifying, or correcting an award. . . , the court, on application of a party, shall confirm the award."), 171.088 (listing the grounds for which a trial court can vacate an arbitration award); 9 U.S.C.A. § 10 (listing similar grounds to vacate an arbitration award under the Federal Arbitration Act).

Despite Mission Park's argument that Braddock could request leave to amend her brief to challenge the arbitration award and request remand to arbitration, it also represents that "Braddock did not file a response or otherwise oppose confirmation of the arbitration award or entry of Mission Park's proposed final judgment thereon." "A party seeking to vacate an arbitration award must present any grounds for doing so to the trial court, otherwise, those complaints are waived on appeal." *Human Biostar, Inc. v. Celltex Therapeutics Corp.*, 514 S.W.3d 844, 850 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). Because Braddock did not

4

request that the trial court vacate the arbitration award, she waived any error that may have occurred in the arbitration itself. As Moore and Weaver argue, Braddock's appeal of the order compelling arbitration, successful or not, cannot result in a remand to arbitration.

Since Braddock's arbitration is now complete and her appeal will not result in a remand to arbitration, litigation of Moore and Weaver's claims will not interfere with Mission Park's arbitration rights. The question of whether the trial court was required to stay Moore and Weaver's claims pending that arbitration is moot.

## III. CONCLUSION

We dismiss this appeal for lack of jurisdiction.

MARIA SALAS MENDOZA, Chief Justice

April 6, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.